SYLVIA M. DEACON v. THE CENTRAL IOWA INVESTMENT COMPANY, *et al.*, Appellants.

**Practice:** DISCLAIMER. An action in which plaintiff prays that a cloud be removed and her title quieted, is an action to quiet title, in the sense that a disclaimer by a defendant entitles him to recover costs.

**Tender.** A tender is not available unless kept good by bringing money into court as offered.

*Appeal from Linn District Court.*—HON. J. D. GIFFIN, Judge.

WEDNESDAY, MAY 29, 1895.

Action in equity to remove alleged clouds from the title to certain real estate, and to quiet the title thereto in the plaintiff. Issues were joined, trial had, and decree entered as hereinafter stated. The Central Iowa Investment Company and Will Richmond appeal. —*Modified and affirmed.*

*Rickel & Crocker* and *John A. Reed* for appellants.

*C. J. Deacon* and *William Mullin* for appellee.

Given, C. J.—I. Appellant Richmond's only complaint against the decree entered in this case is that the costs were taxed to him, and the only complaint made by the other appellant is that it was decreed to pay interest for a longer period than should have been adjudged against it. There is but little dispute as to the facts, and we will state sufficient of them for a correct understanding of the two questions presented on this appeal. E. L. Mansfield, now deceased, was the owner of all the lots in Richmond's Fifth addition to the city of Cedar Rapids. On the eighteenth day of

December, 1886, Mansfield and wife and defendant Richmond entered into a written contract whereby, in consideration of eight thousand dollars, Mansfield agreed to sell and convey to Richmond all of said lots, being fifty-two in number. Richmond agreed to pay all expenses of platting and recording, to mark out and grade the streets, use his best endeavors to advertise and sell city lots, and to pay all taxes thereon falling due after said date. He also agreed to pay eight thousand dollars, as follows: Five hundred dollars in hand; five hundred dollars April 1, 1887, with interest at eight per cent.; and the remaining seven thousand dollars, with interest at eight per cent., as follows: "One hundred and thirty-four and sixty-two one hundredths dollars, together with interest on said amount from the date of this contract, at eight per cent. whenever he shall sell one of said lots, it being understood and agreed, however, that said entire seven thousand dollars and interest shall be paid within five years from the date of this contract; it being further understood and agreed that interest shall become due annually from the date of this contract on all unpaid purchase money at eight per cent. per annum, and shall be paid to said E. L. Mansfield, whether said lots are sold or not." It is further stipulated that, if Richmond fail to pay as above agreed, he is to forfeit to Mansfield said one thousand dollars, the two payments, and all right to all lots then unsold, and any sums expended by him in platting, recording, advertising, selling, or improving said lots. Said Mansfield agreed, upon payment as above stipulated, to convey said lots to said Richmond, "or to such persons as he shall direct, by warranty deed, free and clear of all incumbrances, at such times as said Richmond shall desire, it being understood that no such deeds are to be made until after the payment of the one thousand dollars first falling due under this contract." It is further provided that "said

Richmond has the option to pay all of said purchase money with interest, and all expenses, etc., above enumerated, at any time within said five years, and shall become entitled to a deed for all said property." All title and interest of the estate of E. L. Mansfield, deceased, in said lots and said contract, was conveyed and assigned to the plaintiff on the sixteenth day of June, 1888. On the twenty-fifth day of July, 1888, W. S. Richmond gave to defendant E. M. Rogers Young an order in writing, addressed to the plaintiff, as follows: "I have this day sold to E. M. Rogers Young the following lots [describing certain 11 of said lots], being a portion of the land contracted with E. L. Mansfield by me, and the title of which claim rests in you, subject to a certain contract with me. I hereby release you from said contract, providing you make a deed to said E. M. Rogers Young; and I hereby authorize you to make deed for one or more of said lots upon the order of E. M. Rogers Young to her, or to her order, by the payment of the sum of $134.62 each for said lots, with eight per cent. interest from December 18, 1887." Plaintiff accepted said order as follows: "I hereby accept the above order, and will make deed for one or more lots, named above, to E. M. Rogers Young on payment of $134.62 for each lot, with eight per cent. interest on the same from Dec. 18, 1887,"—signed by the plaintiff. On the eighteenth day of December, 1888, said Young rendered to the plaintiff one hundred and eighteen dollars and fifty cents, as interest due on all said lots described in said order. This tender was refused, and said Young subsequently offered to pay the interest and a portion of the principal due for the release of certain of said lots, which offer was also refused. On the fourth of May, 1889, the plaintiff indorsed upon said contract as follows: "The within contract forfeited and canceled for nonpayment of interest and taxes, this May 4, 1889." On March 7,

1889, said Young conveyed her interest in said eleven lots to C. G. Green; and on August 30, 1892, said Green conveyed the same to the defendant the Central Iowa Investment Company. On October 10, 1892, Green executed a second conveyance to said company to correct an error in the description of the lots in the former deed.

The principal contention on the trial was whether, under the contract and said order and acceptance, the plaintiff was entitled to payment in full of the interest due under the contract before making conveyances of any one or more of the lots, or whether she was bound to make such conveyance upon payment of the price agreed for each lot, one hundred and thirty-four dollars and sixty-two cents, with the interest on that sum. The court found that the appellant company is entitled to purchase nine lots described by paying to plaintiff, within thirty days from that date (July 15, 1893), a sum of one thousand eight hundred and fifty dollars and ninety-three cents, being one hundred and thirty-four dollars and sixty-two cents per lot, with interest from December 18, 1887, with the addition of forty-eight dollars and seventy cents, taxes paid by the plaintiff, and interest thereon. Decree was entered quieting and confirming title in the plaintiff, subject to the right of the appellant company to purchase said nine lots by depositing with the clerk, for the use of plaintiff, said sums, aggregating one thousand eight hundred and ninety-nine dollars and sixty-three cents, within thirty days; and that, on failure so to do, all right and interest of said appellant should cease and determine. It will be observed that the court held that plaintiff was not entitled to demand payment in full of interest due under the contract as a condition precedent to the execution of deeds for particular lots, thus sustaining the contention of appellant on that subject. As neither

party complains of that ruling, that question is not before us for review.

The single contention of the appellant company is that the court decreed it to pay interest on the one thousand eight hundred and fifty dollars and ninety-three cents, the agreed value of the nine lots, from December 18, 1887. The contention is that by said tender made on the eighteenth day of December, 1888, by the defendant Young to the plaintiff, of the agreed price per lot, with interest thereon, and the plaintiff's refusal to receive the same, she is not entitled to recover interest since the date of said tender. While it is true the tender was of a sufficient sum, and was rejected, it does not appear that the appellant company kept said tender good by bringing the same into court, as offered in its cross petition. As is said by the appellant, the decree is not based upon the claim made in the plaintiff's petition, but upon the cross petition. We think the record fails to show that appellant kept its tender good, so as to be entitled to an abatement of interest from the time of the tender.

II. The appellant W. S. Richmond answered plaintiff's petition, disclaiming any right, title, or interest in and to the property described since the twenty-fifth day of July, 1888, the day upon which he executed said written order to the defendant Young. The only complaint that appellant Richmond makes against the decree is that he was adjudged to pay costs. He contends that this is an action under the Code to quiet title, and that, under the provisions of section 3275 of the Code, he, having appeared and disclaimed all right and title, is entitled to recover his costs, instead of being taxed with the costs of the action. Said section is as follows: "If the defendant shall appear and disclaim all right and title adverse to the

plaintiff he shall recover his costs. In all other cases the costs shall be in the discretion of the court."

2 Plaintiff contends that this is not an action under the Code to quiet title; that the title of the plaintiff is undisputed; and that the action is to remove clouds from that title placed thereon by the action of the defendant Richmond. While it is true the plaintiff asked that alleged clouds upon her title be removed, she at the same time asked decree quieting in her the title to said lots, and barring the defendants from claiming any title, right, or interest therein. We think, upon view of the whole record, that it is an action under the Code to quiet .title, and that the defendant Richmond, having disclaimed as he did, should not be charged with the costs of this action. The decree of the district court is affirmed upon the appeal of the defendant company, and modified on the appeal of the defendant Richmond, so far as to enter judgment for the costs of the action against the plaintiff.—*Modified and affirmed.*